UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LEADING EDGE NOVELTY, INC. and
TSAN-YAO CHEN,

    Plaintiffs,

v.

K MART CORPORATION and DIGITAL
ENERGY WORLD, INC.,

    Defendants.

Case No. 9:14-cv-81465-DMM

**FIRST AMENDED COMPLAINT**
**INJUNCTIVE RELIEF DEMANDED**
**DEMAND FOR JURY TRIAL**

Plaintiffs, LEADING EDGE NOVELTY, INC. and TSAN-YAO CHEN, sue Defendants K MART CORPORATION and DIGITAL ENERGY WORLD, INC., and state the following in support thereof:

### I. NATURE OF THE ACTION

1. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No. 7,617,624 entitled "Musical Water Tank." Plaintiffs seek injunctive relief to prevent Defendants from continuing to infringe Plaintiffs' patent and recovery of monetary damages resulting from Defendants' past infringement of the patent.

### II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1338(a).

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) because (a) Defendants reside in this judicial district and division and/or (b) and the acts complained of occurred within this judicial district and division, and/or (c) Defendants have committed acts of infringement within this judicial district and division and have a regular and established place of business within this judicial district and division.

4.    The activities of Defendants as alleged in this First Amended Complaint occurred in interstate commerce within the United States and within this judicial district.

5.    Defendants are subject to personal jurisdiction in Florida because Defendants have solicited, transacted and done business within this judicial district.  In addition, Defendants unlawful conduct has taken place within this judicial district. Furthermore, jurisdiction over the Defendants will not offend traditional notions of fair play and substantial justice.

### III. PARTIES

6.    Leading Edge Novelty, Inc. ("LEN") is a New York corporation with offices in Nassau County, New York and Palm Beach County, Florida.

7.    Tsan-Yao Chen ("Chen") is an individual who resides in Taipei City, Taiwan.

8.    K Mart Corporation ("Kmart") is a Michigan corporation registered to do business in Florida with a principal address of 3333 Beverly Road, B2-130B, Hoffman Estates, IL 60179. Kmart has committed acts of infringement at their places of business within this judicial district and division.

9.    Digital Energy World, Inc. ("Digital") is a New York corporation having a place of business in Kings County, New York. Digital has committed acts of infringement within this judicial district and division.

## IV. FACTS

10. Prior to November 17, 2009, Chen invented a musical water tank.

11. Chen's idea combines audio speakers designed to be used with computers, MP3 players, and other devices with a colored light show whereby clear liquid encased in a transparent container "dances" to the beat of the music playing through the speakers.

12. The combination of musical sound and lighting effects produced by Chen's idea delivers a unique and attractive experience to consumers over traditional speakers.

13. Chen applied for and obtained United States Patent No. 7,617,624 entitled "Musical Water Tank" (the "'624 Patent"). A true and correct copy of the '624 Patent is attached hereto as Exhibit A.

14. LEN is an innovative marketer and distributor of novelty products. Since 2012, LEN has been marketing and distributing unique novelty products under license from Chen known as water dancing speakers that practice the claims in the '624 Patent.

15. All the water dancing speaker products marketed and distributed by LEN have been sold in packaging prominently marked with the '624 Patent. Attached hereto as Exhibit B is an image of the packaging for LEADING EDGE WATER DANCING SPEAKERS showing the prominent marking indicating that LEN's product is manufactured under the '624 Patent.

16. LEN is one of only a few marketers and distributors in the U.S. licensed to sell products protected by the '624 Patent.

17. Chen has granted LEN an exclusive license to prosecute all past, present and future infringements of the '624 Patent.

18. Defendants are engaged in the business of importing, making, using, offering to sell, and selling consumer novelty products.

19. Among the products that defendants import, make, use, offer to sell and sell are water dancing speakers.

20. Digital has imported into the United States for distribution a water dancing speaker product under the Digital Energy called Dancing Water Speakers.

21. Kmart has offered to sell and sold Digital Energy Dancing Water Speakers as shown in Exhibit C attached hereto.

22. Plaintiff LEN purchased Digital Energy Dancing Water Speakers from Kmart in the Palm Beach County division of the Southern District of Florida.

23. The water dancing speaker products the Defendants import, make, use, offer to sell and sell, including but not limited to the Digital Energy Dancing Water Speakers infringe one or more claims of the '624 Patent.

24. At all times during which Defendants imported, made, used, offered to sell and sold water dancing speaker products that infringe one or more claims of the '624 Patent, Defendants had knowledge of the '624 Patent.

25. Plaintiffs have been irreparably harmed by Defendants' infringement of their valuable patent rights.

26. Defendants' unauthorized, infringing use of Plaintiffs' patented musical water tank has threatened the value of their intellectual property because Defendants' conduct results in Plaintiffs' loss of its lawful patent rights to exclude others from importing, making, using, selling, offering to sell and/or importing the patented inventions.

27. Defendants' disregard for Plaintiffs' property rights similarly threatens Plaintiffs' relationships with potential licensees of this intellectual property.

28. Defendants will derive a competitive advantage from using Plaintiffs' patented technology without paying compensation for such use.

29. Unless and until Defendants' continued acts of infringement are enjoined, Plaintiffs will suffer further irreparable harm for which there is no adequate remedy at law.

30. Plaintiffs have engaged the undersigned attorneys and agreed to pay them a reasonable fee.

## COUNT I –PATENT INFRINGEMENT

31. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 30 as though fully set forth herein.

32. This is a count for patent infringement under the laws of the United States against Defendants.

33. Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that directly infringe, or which employ systems, components and/or steps that make use of other systems or processes that directly infringe, at least claim 1 of the '624 Patent. A preliminary claim chart demonstrating infringement is attached hereto as Exhibit D.

34. Defendants have been and continue to infringe one or more of the claims of the '624 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

35. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

36. Defendants' infringement has been willful, deliberate and with knowledge of Plaintiffs' rights under the '624 Patent, and unless Defendants are enjoined by this Court, such

acts of willful infringement will continue. Therefore, Plaintiffs are without adequate remedy at law.

37. Plaintiffs are entitled to recover damages adequate to compensate for the infringement of the '624 Patent, as well as additional damages for willful infringement.

## PRAYER FOR RELIEF

WHEREFORE, LEN and CHEN demand judgment and relief against K MART CORPORATION and DIGITAL ENERGY WORLD, INC. and respectfully requests that this Court:

A. Such damages as Plaintiffs may have suffered but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

B. A finding of willful infringement and an enhancement of damages;

C. A determination that this is an exceptional case;

D. An injunction preliminarily and permanently enjoining infringement;

E. An award to Plaintiffs of their attorneys' fees under 35 U.S.C. § 285;

F. An award to Plaintiffs of their costs; and

G. Such other and further relief as to the Court appears just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims so triable.

DATED: December 24, 2014

Respectfully submitted,

Schneider Rothman Intellectual Property Law Group PLLC
Counsel for Plaintiffs
4651 N. Federal Hwy
Boca Raton, FL 33431
561-404-4350
Fax: 561-404-4353

By: /s/ Joel B. Rothman
Joel B. Rothman
joel.rothman@sriplaw.com
Florida Bar No. 98220
Jerold I. Schneider
jerold.schneider@sriplaw.com
Florida Bar No. 26975